UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

RONALD J. BEUTEL,

    Debtor.

Case Number: 19-12690-13

---

## **DECISION**

Ronald J. Beutel ("Debtor") filed a voluntary chapter 13 petition. His petition included a disclosure of compensation for his attorney.[1] About two months later, an adversary proceeding was filed seeking nondischargeability of debt under 11 U.S.C. § 523(a)(6).[2] Debtor prevailed in the adversary and it was dismissed.[3]

Shortly after dismissal of the adversary, Greg Pittman of Pittman & Pittman Law Offices, LLC ("Debtor's Counsel") applied for compensation ("Application").[4] The standing chapter 13 trustee ("Trustee") objected to the Application.[5] That is the matter to be decided.

---

[1] The disclosure specifically provided that "the above-disclosed fee [of $5,000] does not include . . . representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions, or any other adversary proceeding." Case No. 19-12690, ECF No. 1 at 45.
[2] Case No. 19-82.
[3] Case No. 19-82, ECF No. 39.
[4] Case No. 19-12690, ECF No. 28.
[5] ECF No. 32.

### JURISDICTION

The federal district courts have "original and exclusive jurisdiction" of all cases under title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* ("Bankruptcy Code"). 28 U.S.C. § 1334(a). The federal district courts also have "original but not exclusive jurisdiction" of all civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code. 28 U.S.C. § 1334(b). District courts may, however, refer these cases to the bankruptcy judges for their districts. 28 U.S.C. § 157(a). In accordance with section 157(a), the District Court for the Western District of Wisconsin has referred all of its bankruptcy cases to the Bankruptcy Court for the Western District of Wisconsin.

The Court has jurisdiction over the issue before it pursuant to 28 U.S.C. § 1334. Court consideration of applications for compensation and reimbursement of expenses under 11 U.S.C. § 330 are core proceedings because they concern the administration of the estate and are proceedings for the allowance of claims against the estate. 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). Matters involving the compensation of a debtor's attorney concern the administration of the estate and are also within the Court's core jurisdiction. 28 U.S.C. § 157(a).

Thus, determination of the Application is within the scope of the Court's jurisdiction and authority.

**BACKGROUND**

The Application filed by Debtor's Counsel seeks compensation as follows:

- Chapter 13 Attorneys' Fees             $ 5,350.00
- Chapter 13 cost/disbursements          $   310.50
- Adversary Attorneys' Fees              $18,035.00
- Adversary costs/disbursements          $   828.82
    TOTAL                                $24,524.32

The Trustee's objection only relates to the $18,863.82 of fees and costs of Debtor's Counsel that relate to the adversary proceeding.

The Trustee asserts that although the services provided were beneficial and necessary to the Debtor pursuant to 11 U.S.C. § 330(a)(4)(B), they were not "necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of" the case pursuant to 11 U.S.C. § 330(a)(3)(C). Trustee makes this assertion because the adversary proceeding related to nondischargeability of debt, and although the debt was found to be dischargeable, such a finding did not lead to a reduction of the debt and no attorneys' fees were awarded. Trustee supports this position by citing two cases: *In re Harry Viner, Inc.*, 520 B.R. 268 (Bankr. W.D. Wis. 2014), and *In re Devine*, No. 08-15291, 2013 Bankr. LEXIS 5667 (Bankr. W.D. Wis. July 15, 2013). Trustee also asserts that pursuant to Debtor's inheritance and liquidation analysis, a lot more money would be available to general unsecured creditors if the fee application relating to the adversary proceeding is denied.

Debtor's Counsel responded to this assertion by arguing that the language of 11 U.S.C. § 330(a)(4) is clear and "[t]here is no requirement that an application for compensation satisfy (4)(A) and provide a benefit for the

3

estate/necessary for the administration as well as satisfying (4)(B) to provide services that provide a benefit and are necessary to the Debtor." ECF No. 38 at ¶ 4. Further, Debtor's Counsel argues that the Trustee's position is not based in law and "[t]he Trustee's contention that the fees should be denied because there is no benefit to estate leads to concerning public policy of debtors attorneys." ECF No. 38 at ¶ 7. Further, Debtor's Counsel contends that "the inheritance, liquidation analysis and modified plan are independent issues and irrelevant to the question on the application for attorneys fees in relation to the adversary proceeding." ECF No. 38 at ¶ 8.

## DISCUSSION

Section 330 of the United State Bankruptcy Code ("Code") provides for the compensation of officers. This includes professional persons, such as the debtor' attorney. Section 330 states:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.
> . . .
>
> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

>           (A) the time spent on such services;
>
>           (B) the rates charged for such services;
>
>           (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>           (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
>           (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
>           (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
>      (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—
>
>           (i) unnecessary duplication of services; or
>
>           (ii) services that were not—
>
>                (I) reasonably likely to benefit the debtor's estate; or
>
>                (II) necessary to the administration of the case.
>
>           (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

"The burden of proof to show that the requested fees are merited is 'always on the applicant.' After the applicant has presented a prima facie case, the burden of production shifts to the objecting party, although the burden of

5

persuasion remains with the applicant." *In re Gorniak,* No. 13-15827, 2014 Bankr. LEXIS 4904, at *5 (Bankr. W.D. Wis. Dec. 1, 2014) (*citing In re Hutter Constr. Co.,* 126 B.R. 1005, 1011-12 (Bankr. E.D. Wis. 1991)).

There are exceptions to the general rule that fees are compensable only if there is a benefit to the estate. Section 330(a)(4)(B). It recognizes that the earning ability of a chapter 12 or 13 debtor is typically the primary asset of the estate. "Plans in such cases are typically funded by the debtor's income, which is property of the estate; the individual debtor is the going concern. Thus, services that benefit the debtor in connection with the case are services that facilitate the successful completion of the debtor's plan. For example, . . . the debtor's litigation of the dischargeability of a particular debt, or defense against a motion for relief from the stay may determine whether the debtor will continue with the chapter 13 case." 3 *Collier on Bankruptcy* ¶ 330.03[1][b][v] (16th ed.).

Courts that have addressed the question in a chapter 13 generally follow the approach suggested in *Collier. See, e.g., In re Davis,* No. 07-51337, 2009 Bankr. LEXIS 4099 (Bankr. S.D. Miss. Dec. 9, 2009); *In re Powell,* 314 B.R. 567, 571 (Bankr. N.D. Tex. 2004); *In re Walsh,* 538 B.R. 466, 474-75 (Bankr. N.D. Ill. 2015) ("[I]n a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation from the bankruptcy estate to the debtor's attorney 'for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit

6

and necessity of such services to the debtor and the other factors set forth in [§ 330(a)(3)].'" 11 U.S.C. § 330(a)(4)(B).

The quoted language in § 330(a)(4)(B) is an explicit exception to the general prohibition in section 330(a)(4)(A) on compensation for services that were not "reasonably likely to benefit the debtor's estate" or were not "necessary to the administration of the estate." Still, courts must also look to the other factors listed in section 330.

Debtor's Counsel concedes the beneficiary was the Debtor. He argues that a benefit to the estate is unnecessary under 11 U.S.C. § 330(a)(4)(B). While benefit to the estate is a factor in awarding compensation under section 330, lack of benefit to the estate in a chapter 12 or 13 is not an absolute bar to compensation of a debtor's counsel.

The Bankruptcy Code authorizes reasonable compensation for actual, necessary services rendered by an attorney or paraprofessional. 11 U.S.C. § 330 (a)(1)(A). The Bankruptcy Code requires that the court satisfy itself, regardless of whether any party has lodged an objection, that compensation sought from the estate is reasonable. *In re Harry Viner, Inc.*, 520 B.R. 268, 274 (Bankr. W.D. Wis. 2014); 11 U.S.C. § 330.

The Court may award professionals reasonable compensation for services rendered and reimbursement of actual and necessary expenses. 11 U.S.C. § 330(a)(1)(A)-(B). Section 330(a) provides as follows:

> (3) In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

7

    (A) the time spent on such services;

    (B) the rates charged for such services;

    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

. . .

11 U.S.C. § 330(a).

  The Application filed by Debtor's Counsel included detail of the services rendered. The work performed in the adversary proceeding included 71.4 hours of time. The rates charged are the usual and customary rates for attorneys with the experience of Debtor's Counsel in such proceedings. The bulk of time related to discovery, discovery disputes, pretrial motions, trial preparation and trial. The amount at issue exceeded $150,000. No argument has been presented that the time or charges are unreasonable.

  The magnitude of the claim in the adversary and its potential impact on the ability of the Debtor to achieve a fresh start are sufficient to determine that the services were a necessary benefit to the Debtor within the exceptions to the general rule. Therefore, the fees are allowed.

## CONCLUSION

For these reasons, the objection of the Trustee to the Application by Attorneys for Debtor for Allowance of Compensation and Disbursements is overruled.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: March 17, 2021

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge